IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA D. AGUILAR DE GARIBAY | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:22-cv-00440 |
| | § | |
| DOLLAR TREE STORES, INC. | § | |

## DEFENDANT DOLLAR TREE STORES, INC.'S
## FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DOLLAR TREE STORES, INC.**, (hereinafter "Dollar Tree") Defendant in the above-styled and numbered cause, and files this, its First Amended Original Answer to Plaintiff's Original Petition, and would show the Court the following:

1. Defendant Dollar Tree respectfully demands a trial by jury with respect to any and all issues of fact.

2. Defendant Dollar Tree is without knowledge or information sufficient to form a belief about the truth of the allegations made in section I of Plaintiff's Original Petition.

3. With respect to the allegations in section II of Plaintiff's Original Petition, Defendant Dollar Tree contends that the United States District Court for the Southern District of Texas McAllen Division, has jurisdiction over this action based on diversity of citizenship among the parties and the amount of controversy being greater than $75,000.00.

4. With respect to allegations in paragraph 3.01 of section III of Plaintiff's Original Petition, Dollar Tree is presently without sufficient knowledge of the information needed to for a belief as to the truth of the allegations regarding Plaintiff's residence.

5. With respect to the allegations in paragraph 3.02 of section III of Plaintiff's Original Petition, Dollar Tree admits it is a foreign corporation organized and existing under the laws of

the Commonwealth of Virginia, is authorized to do business in Texas, and whose principal office is located at 500 Volvo Parkway, Chesapeake, Virginia 23320. Defendant admits it was properly served in process and subsequently appeared in this matter.

6. With respect to the allegations in paragraph 4.01 of section IV of Plaintiff's Original Petition, Defendant contends that this Court has original jurisdiction over this action based on diversity of citizenship among the parties and the amount in controversy being greater than $75,000.00.

7. With respect to the allegations in paragraph 4.02 of section IV of Plaintiff's Original Petition, Dollar Tree admits it is a foreign corporation organized and existing under the laws of the Commonwealth of Virginia, is authorized to do business in Texas, and whose principal office is located at 500 Volvo Parkway, Chesapeake, Virginia 23320.

8. With respect to the allegations in paragraph 4.03 of section IV of Plaintiff's Original Petition, Defendant admits that venue is proper in Hidalgo County, Texas as the events giving rise to this lawsuit occurred within Hidalgo County. However, Defendant asserts that venue is also proper in the McAllen Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1446(a).

9. With respect to the allegations in paragraph 5.01 of section V of Plaintiff's Original Petition, Defendant admits that Plaintiff was a customer at a Dollar Tree Store located at 4221 S. Raul Longoria Rd., Edinburg, Hidalgo County, Texas 78542 on the day in question.

10. With respect to the allegation in paragraph 5.02 of Section V of Plaintiff's Original Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations as to what Plaintiff was doing at the time of her fall, the exact condition that purportedly cased Plaintiff to slip and fall or the unspecified evidence

referred to by Plaintiff. Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding what parts of her body she struck when she allegedly fell, the nature of the injuries and/or damages Plaintiff allegedly sustained. However, Defendant otherwise denies the allegations.

11. With respect to the allegations in paragraph 5.03 section V of Plaintiff's Original Petition, Defendant admits that Plaintiff was a customer at Dollar Tree Store located at 4221 S. Raul Longoria Rd., Edinburg, Hidalgo County, Texas 78542 on the day in question.

12. With respect to the allegations in paragraph 5.04 section V of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 5.04, section V of Plaintiff's Original Petition.

13. With respect to the allegations in paragraph 5.05 section V of the Plaintiff's Original Petition, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations made.

14. Defendant Dollar Tree denies the truth of the allegations contained in paragraph 6.01 section VI of Plaintiff's Original Petition that Defendant was negligent. Defendant does not have sufficient knowledge or information to admit or deny truth of the allegations contained paragraphs 6.02 through 6.05, inclusive, of Plaintiff's Original Petition, therefore those allegations are denied.

15. With respect to the allegations in paragraph 7.01 section VII of the Plaintiff's Original Petition, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations made.

16. With respect to the allegations in paragraph 7.02 section VII of the Plaintiff's Original Petition, Defendant admits it owned and operated a retail store on a property it leased, located at 4221 S. Raul Longoria Rd., Edinburg, Hidalgo County, Texas 78542.

17. With respect to the allegation in paragraph 7.03 section VII of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 7.03, section VII of Plaintiff's Original Petition.

18. With respect to the allegations in paragraph 7.04 section VII of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 7.04, section VII of Plaintiff's Original Petition.

19. With respect to the allegations in paragraph 7.05 section VII of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of

which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 7.05, section VII of Plaintiff's Original Petition.

20. With respect to the allegations in paragraph 7.06 section VII of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 7.06, section VII of Plaintiff's Original Petition and therefore denies all allegations in paragraph 7.06, section VII of Plaintiff's Original Petition.

21. With respect to the allegations in paragraph 7.07, section VII of the Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 7.07, section VII of Plaintiff's Original Petition and therefore denies all allegations in paragraph 7.07, section VII of Plaintiff's Original Petition.

22. With respect to the allegations in paragraph 7.08 section VII of the Plaintiff's Original Petition, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations made.

23. With respect to the allegations in paragraph 7.09 section VII of Plaintiff's Original Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature of the injuries and/or damages

Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff.

24. With respect to the allegations in paragraph 8.01, section VIII of Plaintiff's Original Petition, Defendant denies that Plaintiff is entitled to recover past and future damages, expenses from Defendant as alleged in section VIII.

25. With respect to the allegations in paragraph 8.02 section VIII of Plaintiff's Original Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature of the injuries and/or damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant.

26. With respect to the allegations in paragraph 9.01 section IX of Plaintiff's Original Petition, Defendant admits it had a legal duty to its customers to warn them of the presence of a dangerous condition on its premises of which it was aware or of which it should have reasonably been aware of, or to remove or correct any such dangerous condition, the presence of which it was aware of, or should have reasonably been aware of. Defendant denies that it breached such a legal duty as alleged in paragraph 9.01, section IX of Plaintiff's Original Petition and therefore denies all allegations in paragraph 9.01, section IX of Plaintiff's Original Petition. Defendant further denies the truth of the allegations set forth in 9.01 of section IX of Plaintiff's Original Petition.

27. With respect to the allegations in paragraph 9.02 section IX of Plaintiff's Original Petition, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of Plaintiff's allegations regarding the nature of the injuries and/or damages Plaintiff allegedly sustained; however, Defendant denies that its conduct was the proximate cause

of the alleged damages suffered by Plaintiff. Defendant further denies that Plaintiff is entitled to recover any damages from Defendant.

28. Section X of Plaintiff's Original Petition does not set forth any allegations of fact or law, and therefore no response is required. To the extent the allegations of this paragraph are factual in nature, it is admitted that Plaintiff has demanded a jury trial.

29. Defendant Dollar Tree Stores, Inc., denies that Plaintiff is entitled to any relief from it as outlined in Plaintiff's prayer. Defendant denies that Plaintiff is entitled to recover past and future damages, expenses and costs of court, pre-judgment interest, or post-judgment interest from Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations made, therefore those allegations are denied.

## **AFFIMATIVE DEFENSES**

30. Defendant Dollar Tree Stores, Inc., specifically denies each and every material allegation of Plaintiff's Original Petition which has not heretofore been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

31. Defendant specifically denies that it was negligent, negligent *per se*, and grossly negligent in any manner that would entitle Plaintiff to compensatory damages against Defendant in any amount whatsoever.

32. Defendant further pleads that Plaintiff's injuries and/or damages were proximately caused by the negligence, if any, of other parties over whom Defendant exercised no control.

33. Defendant pleads, if same be necessary, that individuals including Plaintiff and third person(s) for whom Defendant is not responsible and had no control over, directly and proximately caused the alleged injuries to Plaintiff, if any, which are not admitted but are denied.

34. Defendant specifically and affirmatively pleads that the incident which forms the basis of this lawsuit and/or the injuries in question were the result of a new and independent cause, thereby breaking the connection between any act or omission of Defendant and the incident which forms the basis of this lawsuit.

35. Pleading further and/or in the alternative, Plaintiff's recovery against Defendant is barred, in whole or in part, due to Plaintiff's failure to mitigate her damages.

36. Pleading further and/or in the alternative, Plaintiff's recovery against Defendant is barred, in whole or in part, because some or all of Plaintiff's medical expenses were not paid or incurred.

37. Pleading further and/or in the alternative, Plaintiff's recovery against Defendant is barred, in whole or in part, because some or all of Plaintiff's medical expenses were not medically reasonable and/or medically necessary.

38. Defendant asserts, if the same be necessary, it is entitled to the full application of the provisions of Chapter 18, §18.091, of the Texas Civil Practice & Remedies Code concerning Plaintiff's claims for the recovery of past lost wages and future loss of wage-earning capacity damages and other related damages, if any.

39. Defendant further pleads that the plaintiff's claim for exemplary damages, if any, is limited by Texas Civil Practice & Remedies Code §41.008.

40. Defendant further pleads that it is not contractually, and therefore not legally, responsible to Plaintiff for any damages claimed in this cause, for the reason that Defendant was not the legal owner of the specific area of the property where it is alleged Plaintiff was injured, nor was responsible for the maintenance and repair of said area of the property pursuant to a lease agreement in which Defendant is a named tenant and a non-party is the named landlord.

41. Defendant would further plead that the alleged incident and damages claimed, were the result of and solely caused by the acts and or omissions of Plaintiff.

42. Defendant seeks contractual indemnity, from Third Party Defendant Go Getters, LLC, in reliance upon the terms and conditions of a Lease Agreement between the parties, including but not limited to, for any and all claims, liability, loss, cost or expense, including all reasonable attorney's fees and litigation expenses, on account of the injuries claimed by Plaintiff in this cause.

43. Pursuant to Section 33.015 of the Texas Civil Practice and Remedies Code, Defendant Dollar Tree Stores, Inc., herein seeks contribution from Third Party Defendant Go Getters, LLC, for any amount paid Defendant Dollar Tree Stores, Inc., may pay greater than its percentage of responsibility and thus an overpayment, as determined by the jury.

44. Pursuant to FRCP 15(a)(2), please see attached copy of email received from counsel for Plaintiff indicating that he has no objection to the filing of this Amended Answer by Defendant Dollar Tree Stores, Inc.

**PRAYER**

45. WHEREFORE, PREMISES CONSIDERED, Defendant **DOLLAR TREE STORES, INC.**, prays that Plaintiff's Petition be dismissed at her cost; and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

Respectfully submitted,

**QUEZADA LAW FIRM**
3000 Central Blvd. Ste. 6
Brownsville, Texas 78520
T: (956) 517-1122 / F: (956) 517-1121

550 Post Oak Blvd., Suite 570
Houston, Texas 77027
T: (956) 517-1122 / F: (956) 517-1121

By: /s/ Jesus "Jesse" Quezada, Jr.
JESUS "JESSE" QUEZADA, JR.
State Bar No. 00792778
jesse@quezadalawfirm.com

*Attorney for Defendant*
*Dollar Tree Stores, Inc.*

## CERTIFICATE OF CONFERENCE

I counsel for Defendant Dollar Tree Stores, Inc., certify that on February 28, 2023, I conferred with counsel for Plaintiff Maria D. Aguilar de Garibay pursuant to Local Rule 7.1(D) and FRCP 15, and he does not oppose the filing of this Amended Answer.

/s/ Jesus "Jesse" Quezada, Jr.
JESUS "JESSE" QUEZADA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorneys of record on this 28th day of February 2023, by via:

☒ Facsimile  ☒ E-Filing/E-Service  ☐ First Class Mail  ☐ Hand-Delivery  ☐ CM-RRR

Humberto Tijerina, III
Cesar Palma
Derek I. Salinas
Gerardo L. Garcia, Jr.
James O. Alaniz
**TIJERINA LEGAL GROUP, P.C.**
1200 S. 2nd St., Suite 4A
McAllen, Texas 78501
T: (956) 777-7000 / F: (956) 972-0144
Email: tijerinalit@tlegalgroup.com

*Attorneys for Plaintiff*

/s/ Jesus "Jesse" Quezada Jr.
JESUS "JESSE" QUEZADA, JR.